IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PEDRO SEGURA SR.,

    Plaintiff,

v.

SGT. MILLER, et al.,

    Defendants.

Case No. 6:20-cv-00911-YY

ORDER

SIMON, Judge.

Plaintiff, an adult in custody at the Marion County Jail (the "Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's Motion for Preliminary Injunction (ECF No. 25). For the reasons that follow, the court DENIES plaintiff's Motion.

### BACKGROUND

Plaintiff's Complaint alleges that defendants, who are all employed as correctional officers at the Jail, used excessive force against plaintiff in the course of removing plaintiff from his cell on March 28, 2020. Plaintiff's Motion for Preliminary Injunction is not a model of clarity, but it appears to seek an order restraining defendants from opening plaintiff's legal mail, keeping plaintiff housed in "max" which limits his access to programming and commissary purchases, and from verbally

1 - ORDER

harassing plaintiff. Plaintiff also states defendants are preventing him from going to the law library and from obtaining photos of his alleged injuries.

## LEGAL STANDARDS

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013). In the Ninth Circuit, a plaintiff also may obtain injunctive relief if there are serious questions going to the merits, the balance of hardships tips sharply in his favor, and the remaining two *Winter* factors are satisfied. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018). If a plaintiff fails to demonstrate a likelihood of success on the merits or serious questions going to the merits, the court need not address the remaining factors. *Garcia*, 786 F.3d at 740. Where, as here, the plaintiff seeks a mandatory injunction which goes beyond maintaining the status quo, he must demonstrate that the facts and law clearly favor an injunction. *Id.*; *see also Am. Freedom Defense Initiative v. King Cty.*, 796 F.3d 1165, 1173 (9th Cir. 2015) (mandatory injunctions are disfavored and will not be entered in doubtful cases).

A plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." *Id.* (quotation marks omitted). "Absent that relationship or

2 - ORDER

nexus, the district court lacks authority to grant the relief requested." *Id.*; *see Saddiq v. Ryan*, 703 F. App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint), *cert. denied* 138 S. Ct. 1335 (2018).

## DISCUSSION

Here, plaintiff's request for preliminary injunctive relief does not relate to the allegations of plaintiff's Complaint. Plaintiff did not plead claims in his Complaint regarding access to the law library or courts, or his placement in "max." Nor does plaintiff's motion for injunctive relief request relief of the same nature that ultimately may be granted in his lawsuit; plaintiff's Complaint seeks money damages for an alleged instance of excessive use of force. As such, this court lacks authority to grant the preliminary injunctive relief requested. *Pac. Radiation*, 810 F.3d at 636. Accordingly, this court concludes mandatory injunctive relief is not warranted.[1]

## CONCLUSION

For these reasons, the court DENIES plaintiff's Motion for Preliminary Injunction (ECF No. 25).

IT IS SO ORDERED.

DATED this 21st day of September, 2020.

Michael H. Simon
United States District Judge

---

[1] Because the court concludes plaintiff cannot obtain the injunctive relief sought due to a lack of nexus between the relief sought in plaintiff's Motion and the claims contained in plaintiff's Complaint, the court does not address defendants' remaining contentions.

3 - ORDER