IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PEDRO SEGURA, SR.**, <br><br>    Plaintiff, <br><br>v. <br><br>**SGT. MILLER,** *et al.*, <br><br>    Defendants. | Case No. 6:20-cv-911-YY <br><br>**ORDER** |

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on March 28, 2022. Judge You recommended that this Court grant in part and deny in part Defendants' motion for summary judgment. Specifically, Judge You recommended that this Court grant the motion with respect to Plaintiff's Fifth and Eighth Amendment claims and Fourteenth Amendment claim for failure to intervene, and deny the motion with respect to Plaintiff's Fourteenth Amendment claim for excessive force. No party filed objections.

    Under the Federal Magistrates Act (Act), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If no party objects, the Act does not prescribe any standard of review. *See Thomas v.*

PAGE 1 – ORDER

*Arn*, 474 U.S. 140, 152 (1985). Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

The Court has reviewed the Findings and Recommendation *de novo*. The Court adopts the Findings and Recommendation, with the exception of the portion discussing whether the law on failure to intervene is clearly established for purposes of Defendants' claim of qualified immunity. "The Ninth Circuit has consistently held that an officer's duty to intervene with the use of excessive force by another officer is clearly established." *Farmer v. Las Vegas Metro. Police Dep't*, 423 F. Supp. 3d 1008, 1019 (D. Nev. 2019); *see also Tobias v. Arteaga*, 996 F.3d 571, 583 (9th Cir. 2021) ("By 2013, we had clearly established that 'police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.'" (quoting *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000)). Defendants rely on an unpublished Ninth Circuit decision to argue that *when* an officer must intercede is not clearly established and thus Defendants are entitled to qualified immunity on this claim. *Penaloza v. City of Rialto*, 836 F. App'x 547, 549 (9th Cir. 2020). The Court disagrees.

For decades the Ninth Circuit has held, in published and unpublished decisions, that it is clearly established law that an officer may be liable for failing to intervene when fellow officers violate the constitutional rights of citizens. As explained by the Ninth Circuit in a published decision issued subsequent to *Penaloza*, "officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Tobias*, 996 F.3d at 584 (quoting *Cunningham*, 229 F.3d at 1289). That is "when" clearly established law tells officers they must intercede—at the first realistic opportunity. The Ninth Circuit in *Tobias* explained that if the officers accused of failing to intervene "were aware of the violation as it happened, they may have had a duty to intercede

PAGE 2 – ORDER

to stop the constitutional violation and would not be entitled to qualified immunity." *Id.* at 583. Because the facts were not sufficiently developed to determine whether the officers "watched [the direct violating officer] Arteaga's questioning and were aware of his violation of Tobias's Fifth Amendment rights as it occurred," the Ninth Circuit remanded to the district court to "to consider in the first instance whether there are material facts in dispute as to Cortina and Pere's liability for Arteaga's actions." *Id.* at 584.

The Ninth Circuit's recent decision in *Tobias* comports with decades of decisions that look to the facts of the alleged failure to intervene to see whether the plaintiff sufficiently alleged (at the motion to dismiss stage) or demonstrated that there are disputed facts (at the summary judgment stage) that the officers had a realistic opportunity to intervene. *See, e.g.*, *Denby v. Engstrom*, 2021 WL 2885846, at *3 (9th Cir. July 9, 2021) ("The district court concluded the complaint plausibly alleged that each individual defendant had a realistic opportunity to intercede during the destruction of plaintiffs' property. At the 12(b)(6) stage, these allegations are sufficient to support the denial of qualified immunity to defendants Engstrom, Lapre, Skedel, Gragg, and Robinson on the failure-to-intervene claim."); *Cortesluna v. Leon*, 979 F.3d 645, 656 (9th Cir. 2020), *cert. denied sub nom. Cortesluna v. Rivas-Villegas*, 142 S. Ct. 397 (2021), *and cert. granted, decision rev'd on other grounds sub nom. Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4 (2021), *and adhered to in part*, 22 F.4th 866 (9th Cir. 2022) ("But there is no evidence that Kensic knew what the other defendants would do, and the events unfolded very rapidly—in a matter of seconds. Kensic therefore lacked any realistic opportunity to intercede."); *Fernandez v. Virgillo*, 651 F. App'x 692, 694 (9th Cir. 2016) ("[T]he district court did not err in holding that such a fleeting period of time did not offer a realistic opportunity for Virgillo to intercede in a meaningful way, and that he is not liable for failing to do so."); *Cunningham*, 229 F.3d at 1290

("In this case, officers who were not present at the time of the shootings could not intercede to prevent their fellow officers from shooting at Cunningham, Soly and Smith. Moreover, the undisputed evidence shows that the non-shooting officers who were present at the shootouts had no "realistic opportunity" to intercede. Thus, we find that the non-shooting and non-present officers cannot be held liable for failing to intercede to prevent the shooting of the plaintiffs in the instant case."); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) ("In none of the affidavits submitted with the officers' motion for summary judgment do any of the officers state they did not have the opportunity to intervene to prevent Officer Meecham from firing the gun. On the other hand, the affidavits of the officers and Robins indicate that all three officers were together in the control bubble. The officers failed to carry their burden of showing that Officers Morris and Cox could not have prevented Officer Meecham from firing the shotgun, or much less that they even disagreed with Officer Meecham's actions. Therefore, the district court did not err in denying the motion for summary judgment as to Officers Cox and Morris."); *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991) ("Additionally, the agents were positioned around the room away from Burns and Ting and were thus physically incapable of preventing the incidents surrounding the shooting, all of which transpired in a matter of seconds. Therefore, it cannot be said that the agents' failure to intervene was the cause in fact of Ting's injuries."). Thus, the law that an officer must intercede when presented with a realistic opportunity is clearly established, even though whether an officer had a realistic opportunity requires consideration of the unique facts in each case.

As found by Judge You, the underlying facts are disputed as to whether Sgt. Miller, Dep. Crites, Dep. Omonua, and Dep. Stoltz had the opportunity to intercede. In considering qualified immunity "[w]here disputed facts exist," a court "assum[es] that the version of the material facts

PAGE 4 – ORDER

asserted by the non-moving party is correct." *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1081 (9th Cir. 2013) (quoting *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001)). Assuming the version of the material facts asserted by Plaintiff, applying qualified immunity at summary judgment on this claim is not appropriate.

The Court ADOPTS IN PART the Findings and Recommendation, ECF 126. The Court adopts all but the portion recommending that the Court find that the law on Plaintiff's Fourteenth Amendment claim for failure to intervene is not clearly established and thus the application of qualified immunity is warranted. The Court GRANTS IN PART Defendants' Motion for Summary Judgment, ECF 100. The Court GRANTS summary judgment against Plaintiff's Fifth and Eighth Amendment claims and DENIES summary judgment against Plaintiff's Fourteenth Amendment claims.

**IT IS SO ORDERED.**

DATED this 20th day of April, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge